JOHN S. WELCH v. SYLVESTER URBANY AND J. M. ALBERS, Appellants.

**Breach of Contract:** MEASURE OF DAMAGES. In a suit for breach of contract, in failing to deliver personal property in accordance with a bill of sale, the measure of damages is the fair market value of the property, less the amount of a note given for the purchase money on which recovery is sought in a counter claim.

VENUE BY STIPULATION AS TO PAYMENT: *Action other than Breach of the contract.* A contract to sell personalty provided that rights acquired thereunder should be payable at D. Plaintiffs brought suit for its breach, laying the venue at D., according to the contract, and not at defendant's residence, in another county. *Held,* that an instruction permitting plaintiff to recover for conversion of the property, and not limiting the right to a failure to deliver the property, was erroneous, since, as rights acquired by the conversion were independent of the contract, the venue of such an action could not be laid at D., but only at defendant's residence.

**Appeal:** EXCEPTIONS. An error in an instruction, duly excepted to, will authorize review of that error on appeal, though another instruction involving the same error was not excepted to.

*Appeal from Dubuque District Court.*—HON. FRED O'DON-
NELL, Judge.

FRIDAY, DECEMBER 21, 1900.

ALBERS owned a stock of liquors and saloon fixtures
and furniture at Carroll, Iowa, upon which he had executed
a chattel mortgage to secure payment of $852 to Urbany,
of the same place. In May, 1896, these persons authorized
Wernimont to exchange this property for land in South Da-
kota. Thereupon Welch and Wernimont, in behalf of de-
fendants, entered into a written contract, by the terms of
which Welch promised to convey the land, subject to a mort-
gage of $550, to defendants, in consideration of the stock
of liquors and the furniture and fixtures, and to give his note
of $400 in difference, to be secured by mortgage on the fur-
niture and fixtures only. Welch executed a conveyance of
the land to Urbany, and the note and mortgage to Albers,
but claims, although Albers gave him a bill of sale therefor,
never to have received any of said personal property, and the
purpose of this action is to recover its value. The agreement
stipulates that "all rights arising under this contract [are]
payable at Dubuque, Iowa." The answer and the evidence
were such as to put in issue Wernimont's authority to make
the written agreement, and defendants' ratification thereof;
whether the defendants had delivered the goods, and, if not,
had refused so to do; and if delivered, whether Albers had
lawfully foreclosed his mortgage. The latter, in a counter-
claim, pleaded the foreclosure of his mortgage, and prayed
recovery for the balance due on the note, and also for ex-
pense paid for storage. Trial to jury resulted in a verdict
and judgment against defendants, and they appeal.—*Re-
versed.*

*Botsford, Healey & Healey* and *Longueville, McCarthy
& Kenline* for appellants.

*Alphons Matthews* for appellee.

LADD, J.—This is an action for damages resulting to plaintiff from an alleged breach of contract by which defendants, in consideration of the conveyance of certain land, agreed to transfer to him a stock of liquors and some saloon fixtures and furniture then located at Carroll, Iowa. He executed the deed as stipulated, and his claim is not that defendants have converted his property, but that they have failed and refused to deliver any in pursuance of their agreement; not that they appropriated his goods to their own use, but that they have never transferred title to him by delivery, as they were bound to do.under the terms of the contract. Under no other circumstances could the venue have been laid in Dubuque county, in virtue of the stipulation contained in the agreement that "all rights arising under this contract" should be payable there; for, if the contract had been performed, and the goods thereafter appropriated by the defendants, any claim therefor plaintiff might have was wholly independent of the instrument, and the venue must necessarily have been laid in Carroll county, where the defendants reside. The pleadings were framed in accordance with this view, and for this reason the motion to transfer to that county was overruled. Because of this the court, regardless of any oral arrangement, correctly instructed the jury, in paragraph 14¾, that unless Wernimont was authorized by defendants to enter into the written agreement, or it was afterwards ratified by them, the plaintiff could not recover. The sole questions for the jury, then, were these: (1) Were the defendants bound by the written contract? (2) If so, was the property delivered in pursuance thereof? And (3) if not so delivered, what was its fair market value? Albers' mortgage necessarily depended on delivery for its validity, and neither it nor the foreclosure thereof was otherwise put in issue, save in averring that it belonged to Urbany.

II. The precise issues have been extracted from the pleadings, in order to ascertain whether the instructions

complained of fairly present them to the jury; for it is of the utmost importance to know what is to be decided, before advising others how this shall be done. In the fourteenth instruction the jurors were told that, if the property was not delivered; defendants were liable for its fair market value. But from this should have been deducted, in making up their verdict, the difference of $400, represented by the note to Albers, upon which his counterclaim was based. If there was a failure to deliver, no circumstances were disclosed relieving either defendant from liability, and the amount of the note to Albers could not well be applied in extinguishment of the joint debt as to him without at the same time diminishing that of Urbany to the same extent. The sixteenth instruction permits a recovery for one and against the other defendant, and apparently authorizes an allowance of the $400 only in event of a finding against Albers. Besides, it, with the seventeenth and eighteenth paragraphs, is on the theory that the action is for conversion. It may, in part, be set out: "If you find the defendants, or either of them, converted said property to their or his own use prior to the mortgage sale, then you should find for the plaintiff the fair market value of the property converted at the time it was converted, against the defendants so converting the same, except, if you should find defendant Albers converted the property, you should deduct the whole amount of the $400 note from such value of the property, if you find the value to be greater than $400. If less than $400, Albers should have a verdict for the difference." In the seventeenth instruction the jury is advised that "it is admitted that plaintiff can recover for the value of the stock of liquors." Evidently this was based on the thought that this was not included in the mortgages, and Albers, statement that he had disposed of it. But, as already pointed out, this is not an action for conversion. True, Albers did not except to this, but he did to the eighteenth paragraph, containing the same er-

ror.  Moreover it is not limited to Albers, but applies to Ur-
bany as well.  We think the court erred in permitting any
recovery, save on failure to deliver; in not clearly directing,
in making up the verdict, the deduction of $400 from the
value of the property, as found; and in saying the right to
recover for the stock of liquors was admitted.—REVERSED.